JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-03188-RGK (Ex) | Date | June 23, 2015 |
|---|---|---|---|
| Title | ***MORENO v. U.S. BANK N.A.*** | | |

| Present: The Honorable | R. GARY KLAUSNER, U.S. DISTRICT JUDGE | |
|---|---|---|
| Sharon L. Williams (Not Present) | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:**   **(IN CHAMBERS) Order re: Plaintiff's Motion to Dismiss (DE 6)**

## I.     INTRODUCTION

On March 25, 2015, Juan Moreno ("Plaintiff") filed a Complaint in the Superior Court of Los Angeles County against U.S. Bank, National Association ("Defendant") alleging the following claims: (1) violation of the California Civil Code § 2923.6; (2) contractual breach of implied covenant of good faith and fair dealing; (3) violation of the Unfair Competition Act California Business and Professions Code § 17200; and (4) promissory estoppel. On April 29, 2015, Defendant removed the action to this Court. Presently before the Court is Defendant's Motion to Dismiss ("Motion"). For the following reasons, the Court **GRANTS** the Motion.

## II.    FACTUAL BACKGROUND

Plaintiff's Complaint arises out of a $465,000 mortgage loan, secured by a deed of trust for property located at 237 South Beachwood Drive, Burbank, California ("Property"). On November 16, 2006, Plaintiff obtained the mortgage loan, which Defendant soon thereafter owned and serviced. Plaintiff alleges that around 2013 he suffered severe economic hardship due to the 2008 nationwide recession. Despite Plaintiff's attempts to adjust his mortgage loan, Defendant refused to accept any loan modification packets or to adequately review Plaintiff's financial information and grant a loan modification.

## III.   JUDICIAL STANDARD

Under Federal Rules of Civil Procedure ("Rule") 12(b)(6), a complaint may be dismissed when

the plaintiff's allegations fail to state a claim upon which relief can be granted. When considering a Rule 12(b)(6) motion, a court must accept all of the factual allegations in the complaint as true. *Barker v. Riverside City Office of Edu.*, 584 F.3d 821, 824 (9th Cir. 2009). A pleading must contain sufficient factual matter that, accepted as true, states a claim that is plausible on its face. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). A claim is facially plausible when there are sufficient factual allegations to draw a reasonable inference that the defendant is liable for the misconduct alleged. *See id.* However, a court need not accept as true unreasonable inferences, unwarranted deductions of fact, or conclusory legal allegations. *W. Mining Counsel v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981).

As a general rule, the court shall not consider facts outside the complaint. *Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 925 (9th Cir. 2001). However, "[u]nder Fed. R. Evid. 201, a court may take judicial notice of 'matters of public record.'" *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001). Additionally, a document not attached to a complaint "may be incorporated by reference if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim." *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003). "The defendant may offer such a document, and the district court may treat such a document as part of the complaint, and thus may assume that its contents are true for purposes of a motion to dismiss under Rule 12(b)(6)." *Id*.

## IV. DISCUSSION

Defendant contends that the Court should dismiss the action in its entirety. Among other contentions, Defendant argues the following: (1) Plaintiff is judicially estopped from bringing this action; (2) California Civil Code § 2923.6(a) does not apply to Plaintiff, nor does § 2923.6(a) impose a duty on Defendant to modify Plaintiff's loan; (3) Plaintiff's allegations do not support the requisite elements of a claim for breach of covenant of good faith and fair dealing; (4) Plaintiff has not properly alleged that Defendant engaged in any "unlawful, unfair or fraudulent business act or practice," as required by the Unfair Competition Business and Professions Code § 17200; and (5) Plaintiff's promissory estoppel claim is not based on a promise that satisfies the statute of frauds, nor does it adequately allege the requisite elements.

Based on a review of the Complaint, Motion, Defendant's Request for Judicial Notice, and applicable law, it appears that at least some, if not all, of the arguments listed above are successful challenges to all of Plaintiff's claims. The Court need not delve into the merits of these arguments, however, as Plaintiff has failed to oppose the motion. Local Rule 7-12 states that "the failure to timely file any required paper may be deemed consent to the granting or denying of the motion." As such, the Court deems Plaintiff's failure to file an opposition as consent to granting Defendant's Motion.

## V. CONCLUSION

In light of the foregoing, the Court **GRANTS** Defendant's Motion to Dismiss.

**IT IS SO ORDERED.**

                                                :

**Initials of Preparer**